**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

SUSAN D. HYDE,

               Plaintiff,

      v.

THE PRUDENTIAL INSURANCE
COMPANY OF NORTH AMERICA,

               Defendant.

Case No. 2:26-cv-02495-SHL-atc

**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF SUSAN D. HYDE'S AMENDED COMPLAINT**

Defendant, The Prudential Insurance Company of America (incorrectly sued as "The Prudential Insurance Company of North America") ("Prudential" or "Defendant"), by and through its attorneys, hereby submits its Answer and Affirmative and Additional Defenses to Plaintiff Susan D. Hyde's ("Plaintiff") Amended Complaint, and states as follows:

**COMPLAINT ¶1:**

The Plaintiff is a resident of Memphis, Shelby County, Tennessee;

**ANSWER:**

Upon information and belief, Prudential admits the allegations in Amended Complaint Paragraph No. 1.

**COMPLAINT ¶2:**

That at all times herein mentioned, The Prudential Insurance Company of North America, is a Pennsylvania insurance company with its principal place of business in the State of Pennsylvania. The defendant is authorized to do and doing business in the State of Tennessee. The policy which is the subject of this litigation was written and entered into in the State of Tennessee. The Defendant's agent for service of process is the Tennessee Commissioner of Insurance;

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff means as by "all times herein." Prudential admits it does business in the state of Tennessee and that it can be served through the Tennessee Commissioner of Insurance. Prudential denies the remaining allegations in Amended Complaint Paragraph No. 2.

**COMPLAINT ¶3:**

This Court has jurisdiction pursuant to 28 USC § 1332(a). There is diversity of citizenship between the parties and the amount in controversy exceeds $100,000.00. Therefore, diversity exists in this cause of action. Moreover, this Court has jurisdiction by virtue of the Employee Retirement and Income Security Act of 1974;

**ANSWER:**

Prudential admits that, for purposes of this action only, this Court has jurisdiction over the subject matter of this action. Prudential denies the remaining allegations in Amended Complaint Paragraph No. 3.

**COMPLAINT ¶4:**

This is a civil action to recover long-term disability benefits pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (herein ERISA);

**ANSWER:**

Prudential admits that Plaintiff purports to bring the instant action pursuant to the Employee Retirement Income Security of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. Prudential denies the remaining allegations in Amended Complaint Paragraph No. 4 and expressly denies that Plaintiff is entitled to any relief whatsoever.

**COMPLAINT ¶5:**

The Plaintiff, by virtue of her employment with Sedgwick Claims Management, was provided a long-term disability policy with the Defendants. The claim number is 13677599;

2

**ANSWER:**

Prudential admits that, at certain times, Plaintiff was a participant in an employee benefits plan sponsored by her employer Sedgwick Claims Management ("Sedgwick") and subject to Group Contract No. G-51759-TN, between Sedgwick and Prudential (the "plan"). Prudential admits that the plan provides long-term disability ("LTD") benefits to certain eligible participants. Prudential admits that Plaintiff filed a claim for LTD benefits with Prudential, and that the claim was assigned Claim No. 13677599.  Prudential denies the remaining allegations in Amended Complaint Paragraph No. 5.

**COMPLAINT ¶6:**

On March 24, 2025, the Plaintiff was approved for short-term disability benefits under a self-insured policy due to numerous medical disabilities, including but not limited to, tinnitus, hearing loss, anxiety and severe depressive symptoms;

**ANSWER:**

Prudential lacks knowledge or information sufficient to form a belief as to whether Plaintiff's employer approved her claim for short-term disability benefits. To the extent a response is required, Prudential denies the allegations in Amended Complaint Paragraph No. 6.

**COMPLAINT ¶7:**

On or about April 4, 2025, the Plaintiff applied for Long Term disability benefits;

**ANSWER:**

Prudential admits that Plaintiff submitted a claim for LTD benefits on or about April 2025. Prudential denies the remaining allegations in Amended Complaint Paragraph No. 7.

**COMPLAINT ¶8:**

On May 22, 2025, the Defendants wrote a letter to the Plaintiff's lawyer informing her that her benefits were denied;

**ANSWER:**

Prudential admits that, by letter dated May 22, 2025, it denied Plaintiff's claim for LTD benefits under the plan. Prudential denies the remaining allegations in Amended Complaint Paragraph No. 8.

**COMPLAINT ¶9:**

On June 2, 2025, the Plaintiff timely appealed the denial;

**ANSWER:**

Prudential admits the allegations in Amended Complaint Paragraph No. 9.

**COMPLAINT ¶10:**

On or about August 24, 2025, the Defendants affirmed the denial;

**ANSWER:**

Prudential admits that, by letter dated August 20, 2025, it upheld its decision to deny Plaintiff's claim for LTD benefits under the plan. Prudential denies the remaining allegations in Amended Complaint Paragraph No. 10.

**COMPLAINT ¶11:**

On or about August 27, 2025, the Plaintiff submitted an administrative appeal;

**ANSWER:**

Prudential admits that, on August 20, 2025, Plaintiff appealed Prudential's decision. Prudential denies the remaining allegations in Amended Complaint Paragraph No. 11.

**COMPLAINT ¶12:**

On or about December 17, 2025, the Defendants affirmed the denial of her claim;

**ANSWER:**

Prudential admits that, by letter dated December 17, 2025, it upheld its decision to deny

Plaintiff's claim for LTD benefits under the plan. Prudential denies the remaining allegations in

Amended Complaint Paragraph No. 12.

**COMPLAINT ¶13:**

On or about December 17,2025, the Defendants wrote a letter to the Plaintiff affirming the decision to deny her application for disability benefits;

**ANSWER:**

Prudential admits that, by letter dated December 17, 2025, it upheld its decision to deny

Plaintiff's claim for LTD benefits under the plan. Prudential denies the remaining allegations in

Amended Complaint Paragraph No. 13.

**COMPLAINT ¶14:**

The Plaintiff has been "DISABLED" pursuant to the terms of the policy and eligible for disability benefits since the termination date due to the medical conditions from which she suffers;

**ANSWER:**

Prudential denies the allegations in Amended Complaint Paragraph No. 14.

**COMPLAINT ¶15:**

The Plaintiff has appealed all administrative denials and has exhausted administrative remedies. The letter dated December 17, 2025, states: "This appeal is final and cannot be appealed further to Prudential";

**ANSWER:**

Prudential admits that Plaintiff has exhausted administrative remedies with respect to her

current claim for LTD benefits under the plan (claim # 13677599). The remaining allegations in

Amended Complaint Paragraph No. 15 purport to recite the contents of a written document,

Prudential's December 17, 2025 letter, which speaks for itself and is the best evidence of its

contents. To the extent that these allegations mischaracterize or misconstrue this document, they are denied. Prudential denies the remaining allegations in Amended Complaint Paragraph No. 15.

**COMPLAINT ¶16:**

The Plaintiff's condition renders her "DISABLED" as defined under "DEFINITION OF DISABILITY" under the group policy which is the subject of this litigation;

**ANSWER:**

Prudential denies the allegations in Amended Complaint Paragraph No. 16.

**COMPLAINT ¶17:**

The Defendants have failed to pay benefits for said policy and plans of benefits currently amounting to 66 2/3 of her gross income for each month she is unable to engage in substantial gainful activity;

**ANSWER:**

Prudential a denies the allegations in Amended Complaint Paragraph No. 17.

**COMPLAINT ¶18:**

There will be additional benefits accruing after filing this lawsuit as the Plaintiff remains disabled;

**ANSWER:**

Prudential denies the allegations in Amended Complaint Paragraph No. 18.

**COMPLAINT ¶19:**

The Defendants' denial of disability benefits is arbitrary and capricious as defined by the Sixth Circuit case law governing ERISA claims;

**ANSWER:**

Prudential denies the allegations in Amended Complaint Paragraph No. 19.

**PLAINTIFF'S WHEREFORE CLAUSE:**

WHEREFORE, the Plaintiff prays for judgment against the Defendants for all approved benefits, for any months she is disabled under the policy, for prejudgment and post-judgment

interest, for future benefits, for attorney fees, discretionary cost and any other relief the Court deems just and proper under the circumstances pursuant to 502(a)(1)(B) or in the alternative 502(a)(3).

**ANSWER:**

The allegations in the preceding paragraph constitute Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Prudential denies the allegations contained therein and specifically denies that it violated ERISA or that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Without prejudice to its denials and other statements of its pleadings, Prudential alleges the following affirmative and additional defenses:

1.  The decision to deny Plaintiff's claim for LTD benefits should be reviewed under the abuse of discretion/arbitrary and capricious standard.

2.  The Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claims under the plan.

3.  Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted as a matter of fact and law.

4.  Any benefits due under the plan are subject to offset, integration, or other deductions or adjustments in accordance with the plan's terms.

5.  There is no vesting of benefits under the plan, and thus Plaintiff may not recover the LTD benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

6.  Plaintiff seeks benefits that are not provided under the plan.

7.      Plaintiff's claim is barred by the terms, conditions, limitations, and exclusions contained in the plan.

8.      To the extent Plaintiff brings equitable claims or seeks equitable relief, such claims are barred as duplicative of the claim for benefits and thus do not seek "appropriate" relief within the meaning of ERISA.

Prudential is continuing to investigate Plaintiff's allegations and reserves the right to amend its Answer and Defenses.

WHEREFORE, Defendant, The Prudential Insurance Company of America, respectfully requests that the Court deny the relief sought by Plaintiff, dismiss the action with prejudice and enter judgment on Defendant's behalf, and award Defendant any other such relief as the Court deems just and proper.

DATED:  June 23, 2026                              Respectfully submitted,


By: */s/ Cyrus L. Booker*
      Cyrus L. Booker
      cbooker@bookerlegal.com
      Booker Legal Group, P.C.
      205 Powell Place, Suite 314
      Brentwood, TN 37027
      Telephone: 615-423-0389
      Facsimile: 615-301-6500

      Sam Schwartz-Fenwick (pro hac vice
      pending)
      SSchwartz-fenwick@seyfarth.com
      Matthew A. Clabots (pro hac vice pending)
      mclabots@seyfarth.com
      SEYFARTH SHAW, LLP
      233 South Wacker Drive
      Suite 8000
      Chicago, IL 60606-6448
      Telephone: 312-460-5000
      Facsimile: 312-460-7000


      *Attorneys for Defendant*
      *The Prudential Insurance Company of*
      *America*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, I presented the foregoing Answer to Plaintiff's

Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all counsel of record.


*/s/ Cyrus L. Booker*