**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION**

| | |
|---|---|
| SUSAN D. HYDE,<br><br>        Plaintiff,<br><br>   v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF NORTH AMERICA,<br><br>        Defendant. | Case No. 2:26-cv-02495-SHL-atc |

**JOINT MOTION TO STAY PROCEEDINGS**

Plaintiff Susan D. Hyde ("Plaintiff") and Defendant The Prudential Insurance Company of America (incorrectly sued as "The Prudential Insurance Company of North America") ("Prudential"), by and through their respective undersigned attorneys, hereby submit this Joint Motion to Stay Proceedings. In support of this motion, the parties state as follows:

1.      On May 4, 2026, Plaintiff filed an Amended Complaint against Prudential, seeking long-term disability ("LTD") benefits under the Employee Retirement Income Security of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. (Dkt. No. 6.)

2.      Following service, on June 9, 2026, the Court entered an Order, allowing Prudential until June 24, 2026 to respond to Plaintiff's Amended Complaint. (Dkt. No. 11.)

3.      Prudential timely responded to Plaintiff's Amended Complaint by the June 24, 2026 deadline. (*See* Dkt. No. 18). The Court has not yet entered a Scheduling Order.

4.      On June 10, 2026, the parties began discussing settlement. They discovered that their benefit claim exposure calculations are vastly different due to different positions on whether a Social Security Disability Benefit ("SSDB") offset applies.

326582418v.2

5. The parties agree that whether an SSDB offset applies, and therefore benefit claim exposure, is dependent on whether Plaintiff is awarded SSDB by the Social Security Administration ("SSA").

6. Plaintiff's application for SSDB remains pending before the SSA, and Plaintiff is awaiting a hearing before an Administrative Law Judge.

7. Because the issue of whether an SSDB offset applies requires a decision from an Administrative Law Judge, the parties are not able to discuss settlement without this decision and agree that continuing to litigate this matter would be premature and cause them to incur costs and fees, which could prejudice their ability to conduct settlement negotiations in the future.

8. Accordingly, the parties request a stay of proceedings until October 30, 2026, at which time, the parties will report back to the Court with a status update on Plaintiff's SSDB claim and whether they have reached agreement on benefit claim exposure.

9. The parties make this request in good faith, and not to cause undue delay. Rather, the parties make this request in an effort to preserve judicial resources and facilitate good faith settlement negotiations in the future.

10. The parties will notify the Court promptly should this matter resolve, else they will provide the Court with a status on October 30, 2026, the date the requested stay is set to end.

WHEREFORE, the parties respectfully request that the Court enter an Order staying this matter until October 30, 2026, by which date they will report back to the Court requesting that the Court issue a Scheduling Order or that it further stay the proceedings if the SSA has not determined Plaintiff's SSDB claim.

DATED:  June 24, 2026

Respectfully submitted,

By: */s/ Cyrus L. Booker* _____

Cyrus L. Booker
cbooker@bookerlegal.com
Booker Legal Group, P.C.
205 Powell Place, Suite 314
Brentwood, TN 37027
Telephone: 615-423-0389
Facsimile: 615-301-6500

Sam Schwartz-Fenwick (admitted pro hac vice)
sschwartz-fenwick@seyfarth.com
Matthew A. Clabots (admitted pro hac vice)
mclabots@seyfarth.com
SEYFARTH SHAW, LLP
233 South Wacker Drive
Suite 8000
Chicago, IL 60606-6448
Telephone: 312-460-5000
Facsimile: 312-460-7000
*Counsel for Defendant*

By: */s/ John E. Dunlap* _____

John E. Dunlap
3333 Poplar Ave Ste. A
700 S Thornton Avenue
Memphis, Tennessee 38111
jdunlap00@gmail.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF CONSULTATION</u>

Pursuant to Local Rule 7.2(a)(1)(B), undersigned counsel certifies that counsel for Plaintiff and Defendant conferred regarding the relief requested in this motion. Specifically, counsel for the parties conferred via telephone on June 10, 2026, and by email on June 15, 2026, and all parties agreed to the relief requested in this Joint Motion to Stay Proceedings.

## CERTIFICATE OF SERVICE

The below signed attorney does hereby certify that I have caused a true and correct copy of the foregoing to be served upon all counsel of record through the Court's ECF system on June 24, 2026.

_/s/ Cyrus L. Booker_